UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2878(DSD/SER)

Natalie Ann Nyhus, f/k/a
Natalie Ann Kane,

       Plaintiff,

v.                                                    **ORDER**

The Cities of Blaine, Bloomington,
Brainerd, Brooklyn Center,
Brooklyn Park, Buffalo, Burnsville,
Cloquet, Coleraine, Coon Rapids,
Crosby, Crystal, Deephaven, Dundas,
Eagan, Eden Prairie, Edina,
Faribault, Farmington, Hermantown,
Hopkins, Inver Grove Heights, Isle,
LeCenter, Maple Grove, Maplewood,
Minneapolis, Minnetonka, Montgomery,
Moorhead, Moose Lake, Mound,
Moundsview, New Brighton, Onamia,
Plainview, Richfield, Rochester,
Rosemount, Roseville, Royalton,
St. Anthony, St. Francis,
St. Louis Park, St. Paul, Shakopee,
South St. Paul, Wayzata, West St.
Paul, White Bear Lake, Winsted, and
Woodbury; Arlington Green-Isle
Police Department; Breitung Township;
South Lake Minnetonka Police Department;
Metro Transit Police Department; the
Minneapolis Park and Recreation Board;
the Counties of Anoka, Benton, Carver,
Grant, Hennepin, Itasca, Koochiching,
McLeod, Meeker, Ramsey, Rice, Sherburne,
Steele, Todd, Wabasha, Washington and
Yellow Medicine; the County of St. Croix,
Wisconsin; Again and Again Auto, LLC;
Anoka Motors, LLC; Classic Auto Storage,
LLC, d/b/a Downtown Motorcar Sales;
John Hunt, and John Doe and Jane Doe,
1-500 in their capacities as individuals,
employees, officers, and/or supervisors
of various government and/or private
sector defendants,

                Defendants.

Russell M. Spence, Jr., Esq., Brian N. Niemczyk, Esq. and Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, MN 55439, counsel for plaintiff.

Jon K. Iverson, Esq., Stephanie A. Angolkar, Esq., Susan M. Tindal, Esq. and Iverson, Reuvers & Condon, 9321 Ensign Avenue South, Bloomington, MN 55438, counsel for all cities except Cloquet, Edina, Minneapolis, St. Paul and Metro Transit Police Department.

William T. Helwig, Esq., Frank B. Yetka, Esq. and Rudy, Gassert, Yetka, Pritchett & Helwig, P.A., 813 Cloquet Avenue, Cloquet, MN 55720, counsel for City of Cloquet.

Mark. P. Hodkinson, Esq. and Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, counsel for City of Edina.

Darla J. Boggs, Esq. and Minneapolis City Attorney Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415, counsel for City of Minneapolis.

Portia M. Hampton-Flowers, Esq. and St. Paul City Attorney Office, 15 West Kellogg Boulevard, Suite 750, St. Paul, MN 55102 counsel for City of St. Paul.

Daniel L. Abelson, Esq., Metropolitan Council, 390 Robert Street North, St. Paul, MN 55101, counsel for Metro Transit Police Department.

Jamie L. Guderian, Esq., Joseph E. Flynn, Esq. and Jardine, Logan & O'Brien, PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, counsel for all counties except Anoka, Hennepin, Ramsey and St. Croix, Wisconsin.

Robert B. Roche, Esq., Kimberly R. Parker, Esq. and Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101, counsel for Ramsey County.

Charles K. Maier, Esq., Nicholas H. Callahan, Esq. and Gray, Plant, Mooty, Mooty & Bennett, PA, 80 South Eighth Street, Suite 500, Minneapolis, MN 55402, counsel for Anoka Motors, LLC.

    Ann E. Walther, Esq., Daniel A. Louismet, Esq. and Rice, Michels & Walther LLC, 206 East Bridge - Riverplace, 10 Second Street, N.E., Minneapolis, MN 5543, counsel for Minneapolis Park and Recreation Board.

    Daniel R. Gregerson, Esq. and Gregerson, Rosow, Johnson & Nilan, Ltd., 650 Third Avenue South, Suite 1600, Minneapolis, MN 55402; Remzy D. Bitar, Esq., Sara C. Mills, Esq. and Crivello Carlson SC, 710 North Plankinton Avenue, Suite 500, Milwaukee, WI 53203, counsel for St. Croix County, Wisconsin.

    This matter is before the court upon the motions to dismiss and to sever by defendants.[1] Based on a review of the file, record

---

[1] Defendants include the Cities of Blaine, Bloomington, Brainerd, Brooklyn Center, Brooklyn Park, Buffalo, Burnsville, Cloquet, Coleraine, Coon Rapids, Crosby, Crystal, Deephaven, Dundas, Eagan, Eden Prairie, Edina, Faribault, Farmington, Hermantown, Hopkins, Inver Grove Heights, Isle, LeCenter, Maple Grove, Maplewood, Minneapolis, Minnetonka, Montgomery, Moorhead, Moose Lake, Mound, Moundsview, New Brighton, Onamia, Plainview, Richfield, Rochester, Rosemount, Roseville, Royalton, St. Anthony, St. Francis, St. Louis Park, St. Paul, Shakopee, South St. Paul, Wayzata, West St. Paul, White Bear Lake, Winsted and Woodbury (collectively, City Defendants) ; Arlington Green-Isle Police Department; Breitung Township; South Lake Minnetonka Police Department; Metro Transit Police Department; the Minneapolis Park and Recreation Board (Park Board); the Counties of Anoka, Benton, Carver, Grant, Hennepin, Itasca, Koochiching, McLeod, Meeker, Ramsey, Rice, Sherburne, Steele, Todd, Wabasha, Washington, Yellow Medicine and the County of St. Croix, Wisconsin (collectively, County Defendants); Again and Again Auto, LLC; Anoka Motors, LLC; John Hunt, and unknown persons and unknown entities (collectively, Unknown Defendants).

and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.[2]

## BACKGROUND

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Natalie Ann Nyhus between 2003 and 2012. Nyhus is a local reporter and television news anchor for WCCO and previously was a member of the Minnesota Timberwolves Dance Team. Am. Compl. ¶¶ 60-61. Nyhus asserts claims against numerous counties, cities, police departments, private businesses, as well as named and unnamed individuals. This case is just one of many nearly identical cases filed in this district, five of which this court previously dismissed. See Potocnik v. Anoka Cnty., No. 13-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014); Bass v. Anoka Cnty., No. 13-860, 2014 WL 683969 (D. Minn. Feb. 21, 2014); McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014); Tichich v. City of Bloomington, No. 14-298, 2014 WL 3928530 (D. Minn. Aug. 12, 2014); Kendall v. Anoka Cnty., No. 14-247, 2014 WL 3955265 (D. Minn. Aug. 13, 2014).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle

---

[2] Anoka County, Again and Again Auto, LLC and John Hunt have not made appearances in this case. Only Anoka County appears to have been served. See ECF No. 154. For this reason, the court does not enter final judgment.

4

Services (DVS) database. Am. Compl. ¶ 22. Nyhus requested an audit of her DVS motor vehicle record from the Department of Public Safety (DPS) and the Bureau of Criminal Apprehension (BCA). Id. ¶ 27. The audits show that her record had been accessed hundreds of times from facilities maintained by defendant agencies, counties and cities and several private entities. See id.; id. Exs. 1 and 2. The record included her address, photograph, date of birth, weight, height, eye color and driver identification number. Am. Compl. ¶ 22. Nyhus alleges that there was no legitimate purpose for each access and that she never consented to allow defendants to obtain her record. Id. ¶¶ 40, 59.

On October 18, 2013, Nyhus filed suit, alleging claims (1) under the Driver's Privacy Protection Act (DPPA), (2) under 42 U.S.C. § 1983 and (3) for negligent infliction of emotional distress (NIED). Defendants move to dismiss and most defendants also move to sever.[3]

---

[3] Edina answered the complaint [ECF No. 71] and then filed a motion to dismiss under Rule 12(b)(6) [ECF No. 81]. Because parties may not file such a motion after pleading, the court will construe the motion as brought under Rule 12(c). See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC, 871 F. Supp. 2d 843, 849-50 (D. Minn. 2012) (holding that although "a Rule 12(b)(6) motion cannot be filed after an answer has been submitted" the court may consider the motion under Rule 12(c) in appropriate circumstances).

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.  DPPA Claims**

Nyhus first asserts a claim against defendants for violations of the DPPA.  The DPPA provides that "[i]t shall be unlawful for

any person knowingly to obtain or disclose personal information,[4] from a motor vehicle record, for any use not permitted under section 2721(b)[5] of this title." 18 U.S.C. § 2722. Under the DPPA, any "person[6] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Nyhus alleges that all defendants either obtained or disclosed her information without a permitted purpose.

### A. Statute of Limitations

Defendants first argue that some of the DPPA claims are time-barred. Because the DPPA does not contain a statute of limitations, the general four-year federal statute of limitations applies. See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be

---

[4] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver identification number, name, address ..., telephone number, and medical or disability information." 18 U.S.C. § 2725(3).

[5] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities and bulk distribution of surveys and marketing materials. 18 U.S.C. § 2721(b).

[6] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

7

commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues. Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted). Nyhus responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA. See, e.g., Potocnik, 2014 WL 683980, at *2; Rasmusson v. Chisago Cnty., 991 F. Supp. 2d 1065, 1080 (D. Minn. 2014); Kost v. Hunt, 983 F. Supp. 2d. 1121, 1127-28 (D. Minn. 2013). In Kost, Judge Ericksen considered relevant precedent as well as textual, historical and equitable arguments before applying the general accrual rule to DPPA claims. 983 F. Supp. 2d at 1126-28. The court finds Kost persuasive and again adopts its reasoning in applying the general accrual rule.

Nyhus also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule

because defendants fraudulently concealed their activities. In some situations, "fraudulent concealment of information material to a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted). However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted). Here, Nyhus has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity. As a result, the allegations of fraudulent concealment are not properly before the court, and this argument is unavailing.

Nor does the doctrine of equitable tolling apply. Equitable tolling would permit Nyhus to maintain otherwise time-barred claims if inequitable circumstances prevented her from filing sooner. See Kost, 983 F. Supp. 2d at 1130; see also Kampschroer v. Anoka Cnty., No. 13-2512, 2014 WL 3013101, at *6-7 (D. Minn. July 3, 2014) (finding that plaintiff adequately pled equitable tolling by alleging that she was lulled into inaction after DPS allegedly incorrectly informed her that only one person accessed her information and that it had taken steps to prevent such future conduct). Nyhus does not allege that such circumstances exist here, but argues that tolling is appropriate because defendants did

9

not notify her of the data breach and generally failed to maintain a secure system. These allegations are insufficient to establish the inequitable circumstances required to toll the limitations period. As a result, all claims relating to conduct before October 18, 2009 - four years before Nyhus commenced this suit - are time-barred, and dismissal of those claims is warranted.

**B.    Claims Against Cities, Counties and Private Entities**

As to the remaining claims, Nyhus alleges that "[n]one of the Defendants possessed a permissible purpose for accessing [her] Private Motor Vehicle Records." Am. Compl. ¶ 72. Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly. The court agrees. Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, Nyhus alleges that defendants must have had an improper purpose in accessing her record because of the number of times her record was accessed, the fact that she has an unblemished criminal record and because she has not visited many of the jurisdictions that accessed her data. Nyhus thus asks the court to speculate and conclude - based on

these bare allegations - that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). Although at this stage in the proceedings, Nyhus is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*." Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Nyhus argues that her complaint is bolstered because she is a well-known local newscaster and former Timberwolves dancer. These facts, however, do not raise her claim above the speculative level, because Nyhus does nothing to connect her celebrity to the conduct at issue. See Mitchell v. Aitkin Cnty., No. 13-2167, 2014 WL 835129, at *2, 8 (D. Minn. Mar. 4, 2014) (dismissing DPPA claim brought by news anchor because her allegations did not provide any "indication of a connection or interaction between an identifiable law enforcement officer and the plaintiff, from which the asserted impropriety of the officer's retrieval of the plaintiff's data can be plausibly inferred"); Ray v. Anoka Cnty., No. 14-539, 2014 WL 2511087, at *5 (D. Minn. June 3, 2014) (dismissing DPPA claims because the allegations provided "no basis to infer that any

officers in the remaining jurisdictions have any personal connection to or interest in [plaintiff]"). But see Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 3630779, at *7 (D. Minn. July 22, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most look-ups, she had been harassed by her ex-husband - who is also a law enforcement officer with access to the database - and her current husband's record was simultaneously accessed); Smythe v. City of Onamia, No. 12-03149, 2013 WL 2443849, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data).[7]

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) (citations omitted), cited with approval in Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010); cf. United States v. Eklund, 733 F.2d 1287, 1294 (8th Cir. 1984) (noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government

---

[7] Although not a public entity, the same reasoning applies to Nyhus's claim against Anoka Motors.

entities and agents in accessing motor vehicle records. See Kost, 983 F. Supp. 2d at 1133. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, Nyhus has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

**III. Section 1983 Claims**

Nyhus next alleges § 1983 claims, arguing that defendants violated her Fourth and Fourteenth Amendment rights by accessing her information or allowing others to do so. Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law. Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005). Section 1983 is not an independent source of rights, and a complaint must allege a deprivation of a specific right, privilege or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Defendants argue that they did not violate any constitutional or statutory right.

Nyhus alleges that defendants violated her constitutional right to privacy and her constitutional right to be free from unreasonable search, and that the City Defendants are vicariously

13

liable for the unconstitutional acts of their employees. The court has previously determined that claims under § 1983 are "unavailable for violations of any statutory or constitutional rights under facts analogous to those alleged in the complaint." Mitchell, 2014 WL 835129, at *9; accord Kiminski, 2013 WL 6872425, at *14, Potocnik, 2014 WL 683980, at *6. There are no allegations unique to Nyhus that affect this determination.

To the extent Nyhus alleges a claim against the City Defendants for an unconstitutional policy or custom under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), that claim also fails because, as discussed, there are no viable underlying claims. See Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994) (holding that a municipality may not be held liable for its employees' conduct unless the employees are "found liable on the underlying substantive claim"), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). As a result, the claims under § 1983 fail, and dismissal is warranted.

**IV. NIED Claim**

Nyhus's claim for NIED likewise fails. "To adequately state an NIED claim, a complaint must meet the requirements of stating a negligence claim, along with additional ones particular to the emotional distress aspect of an NIED claim." Kost v. Hunt, No. 13-583, 2013 WL 5566045, at *6 (D. Minn. Oct. 8, 2013) (citing Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005)). "Four

14

elements must be shown for a negligence claim: (1) a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury." Id. Because Nyhus has no underlying claim under the DPPA or § 1983, she fails to state a breach of duty as required to support a claim for NIED. See id. As a result, dismissal of this claim is also warranted.

**V.   Severance**

Finally, certain defendants move for severance pursuant to Rule 20. Because the court has determined that Nyhus fails to state a claim, the motions to sever are denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss [ECF Nos. 29, 32, 34, 51, 52, 54, 57, 67, 73, 77, 81, 93, 100, 106, 112] are granted; and

2. The motions to sever [ECF Nos. 29, 32, 51, 52, 54, 57, 67, 73, 93, 100, 106, 112] are denied as moot.

Dated:  September 2, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court